# Holtzclaw, *et al. v.* Miley.

## *Ejectment.*

(Decided April 20, 1911. 55 South. 150.)

1. *Evidence; Mortgages; Preliminary Proof.*—Proof of the execution of a mortgage by its two attesting witnesses is sufficient to warrant its admission in evidence, although the execution of the mortgage is denied.

2. *Ejectment; Title in Third Party.*—Where the defendant in ejectment claimed under an overdue mortgage, the mortgage was admissible in evidence although the transfer from the mortgagee to the defendant was not sufficient to pass the legal title to the lands in the mortgage, since the defendant could defend on the title of the mortgagee.

3. *Same; Directing Verdict.*—Where the action was ejectment and the defendant claimed under an overdue mortgage, the payment thereof, being a disputed issue, the plaintiff is not entitled to the affirmative charge.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by Pinkie Holtzclaw and others, against D. Miley. Judgment for defendant and plaintiff appeals. Affirmed.

W. R. BRASSELL, for appellant. The assignment was not sufficient to convey the legal title, and the defendant claiming under the assignment acquired no legal title.—*Graham v. Newman,* 21 Ala. 496; *Sanderson v. Cassidy,* 5 South. 503; *Langley v. Andrews,* 31 South. 469; *N. E. M. S. Co. v. Clayton,* 24 South. 362.

FRANK W. LULL, for appellee. The assignment was sufficient.—*Ward v. Ward,* 108 Ala. 278; *Langley v. Andrews,* 31 South. 469. The bill of exceptions does not purport to set out all the evidence, and hence, the action of the court in refusing the affirmative charge will not be reviewed.—*Hudson G. Co. Case,* 105 Ala. 201. By an insistence only on the insufficiency of the transfer, appellant waived the other assignments of error. —*Daniel v. Bradford,* 132 Ala. 262.

MAYFIELD, J.—This was a statutory action, in the nature of ejectment, by appellants against appellee. Defendant claimed title by virtue of a mortgage from George Holtzclaw, who was the husband of Pinkie, and father of the other plaintiffs, and also by virtue of a mortgage executed by Pinkie, the widow, after the death of the husband and father. The trial resulted in verdict and judgment for defendant. The plaintiffs also claimed title through the deceased husband and father, George Holtzclaw.

There are but three assignments of error. The first two are to the introduction in evidence of the two mortgages above referred to, and the third is to the refusal of the court to give the affirmative charge for the plaintiffs. One of these mortgages was executed by George

Holtzclaw and wife, Pinkie, one of the plaintiffs in this suit, to "Lull & Lacy," and was transferred and assigned by that firm to the defendant. The other was executed after the death of George, by Pinkie Holtzclaw to the defendant. Both of these mortgages were past due; and, the law day having arrived, the mortgagees or those claiming under them were entitled to the possession, and, of course, the legal title passed to the mortgagees, if the mortgages were valid.

The validity of the first mortgage was not denied, but it was claimed by the plaintiffs that it had been paid. The plaintiffs denied the execution of the second; but there was proof of the execution thereof by both of the attesting witnesses, which authorized its introduction in evidence. The execution of the other instrument was properly proven; but the introduction of it in evidence was objected to, because there was not a sufficient transfer or assignment thereof by Lull & Lacy, to pass the legal title to the lands embraced therein. It is unnecessary to pass upon the question as to whether this assignment did pass the legal title or not.

The mortgage, under the facts in this case, was admissible in evidence, whether it passed the legal title or not. The defendant was claiming under the mortgagees, and they could assert the legal title of the latter, if the title was still in them, to defeat this action of ejectment. It follows that the court did not err in admitting either of the deeds in evidence.

The general affirmative charge could not properly be given for the plaintiffs in this action. It was a disputed question of fact as to whether or not the first mortgage had been paid, which was the only thing on which the plaintiffs could have recovered, under any phase of the evidence.

Affrmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.